UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AARON DRAIN,<br>    Plaintiff(s),<br>v.<br>JOHN DOE #1, et al.,<br>    Defendant(s). | Case No. 2:24-cv-01397-GMN-NJK<br><br>**ORDER** |

Plaintiff is required by statute to pay an initial partial filing fee of $28. *See* Docket No. 11; *see also* 28 U.S.C. § 1915(b)(1). Plaintiff has not made that partial payment, resulting in issuance of an order to show cause why the case should not be dismissed. Docket No. 12. Plaintiff filed a response indicating that he lacks the funds to make the partial payment. Docket No. 13. Plaintiff also argues that he should be permitted to provide updated documentation as to his current financial status. *See id.*

The governing statute requires the collection of the partial filing fee "when funds exist," 28 U.S.C. § 1915(b)(1), and further mandates that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee," 28 U.S.C. § 1915(b)(4). Nonetheless, there are important policy reasons behind the requirement to pay the partial filing fee and courts routinely make clear that a prisoner cannot avoid the partial filing fee by choosing to spend down his account: "when a prisoner has the means to pay an initial partial filing fee and instead spends his money on amenities at the prison canteen or commissary, he should not be excused for failing to pay the initial partial filing fee." *Baker v. Suthers*, 9 Fed. Appx. 947, 949 (10th Cir. 2001); *see also, e.g.*, *Thomas v. Butts*, 745 F.3d 309, 312 (7th Cir. 2014) (collecting cases).

Plaintiff's response to the order to show cause does not provide an elaborated reason for his lack of funds. Based on the papers already in the record, however, it appears that the funds were depleted in large part by Plaintiff's purchases at the commissary. *See* Docket No. 1 at 5 (identifying $122.55 in commissary purchases over the course of 11 days). To the extent Plaintiff's discretionary spending is exceeding his monthly deposits, then Plaintiff will need to spend less so that he can make the required payment.

Based on the current record, the Court construes Plaintiff's response to the order to show cause as a request to extend the deadline for paying the initial partial filing fee of $28. As so construed, the request is **GRANTED** and that deadline is **EXTENDED** to March 31, 2025. If Plaintiff is unable to pay the $28 at that time, he must make a factual showing supported by account records that his inability does not derive from his discretionary spending. *Cf. Wilson v. Sargent*, 313 F.3d 1315, 1321 n.7 (11th Cir. 2002). **Failure to comply with this order may result in a recommendation of dismissal.**

IT IS SO ORDERED.

Dated: January 29, 2025

                                                                       _____
                                                                       Nancy J. Koppe
                                                                       United States Magistrate Judge